**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVERETT JAY WILSON,

Defendant-Appellant.

No. 11-4019
(D.C. No. 2:10-CR-00528-CW-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Everett Jay Wilson pleaded guilty to escape from custody in violation of 18

U.S.C. § 751(a) and was sentenced to 21 months imprisonment followed by 36

months supervised release. Mr. Wilson now appeals. His attorney, however, has

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us

that he discerns no colorable basis for an appeal and seeking leave to withdraw.

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." *Id*. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Calderon*, 428 F.3d at 930. And we must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id*. If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id*.

In his *Anders* brief, Mr. Wilson's counsel identifies only one potential basis for an appeal—that Mr. Wilson's sentence was excessive—but concludes that this argument is without merit. Despite being afforded an opportunity to do so, Mr. Wilson has not submitted any materials disputing this analysis or identifying any other arguments he would like to pursue. Similarly, the government has indicated its intent not to respond to the *Anders* brief. After our own independent review of the record, we agree with Mr. Wilson's counsel that any appeal in this case would be fruitless.

We review a district court's sentencing decision for both procedural and substantive reasonableness. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). A sentence is procedurally unreasonable "if the district court

incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id*. Because Mr. Wilson didn't object to the procedural reasonableness of his sentence at the time of sentencing, our review is for plain error. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). Here, there is no indication that the district court committed any procedural error. While the court didn't explicitly cite the § 3553(a) factors, the record reveals that the court explained its sentence by discussing Mr. Wilson's history and characteristics, the seriousness of the offense, the guidelines range, and the need to promote respect for the law. This explanation was sufficient under our precedents. *See id*. at 1202 ("[A] specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines."). Accordingly, we cannot find that Mr. Wilson's sentence was procedurally unreasonable.

Neither can we say that Mr. Wilson's sentence is substantively unreasonable. This sentence is within Mr. Wilson's properly-calculated guidelines range, so it is entitled to a rebuttable presumption of reasonableness on appeal. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347-51 (2007). We review sentences for substantive reasonableness under an abuse of discretion standard and can reverse only if the sentence is "arbitrary, capricious, whimsical, or manifestly

unreasonable." *Haley*, 529 F.3d at 1311. In sentencing Mr. Wilson to 21 months imprisonment, the district court placed considerable weight on Mr. Wilson's high criminal history score and the fact that this was his second conviction for escape. The court explained that Mr. Wilson "has repeatedly demonstrated a disregard for authority, a disregard for the law, and a disregard for himself." ROA vol. 2 at 9. "[T]o be one month from ending his sentence and then to walk out by showing the officer who is confronting him the peace sign indicates that this defendant still has not learned his lesson." *Id.* In light of these considerations, we cannot say that the district court's sentencing decision was an abuse of its considerable discretion.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge